UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS GAVELA-GOMEZ, Petitioner, v. MARKWAYNE MULLIN, et al., Respondents. | Case No.: 26cv5532-LL-BJW **ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241** [ECF No. 10] |

Presently before the Court is Petitioner Luis Gavela-Gomez's Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 10 ("Pet."). Respondents filed a Return [ECF No. 11], and Petitioner filed a Traverse [ECF No. 12]. For the reasons set forth below, the Court **GRANTS** the Amended Petition.

## I. BACKGROUND

Petitioner is a citizen of Ecuador, who entered the United States on or around January 21, 1986 on a nonimmigrant visa. Decl. of Luis Gavela-Gomez ("Gavela-Gomez Decl.") ¶ 1, ECF No. 10-1; Ret. 2. In July 2014, Petitioner was ordered removed to Ecuador, but the order was never enforced. Ret. 2. On May 22, 2025, Petitioner was arrested for spousal battery and felony assault. Ret. 2. On May 29, 2025, a Border Patrol Agent ("BPA") "encountered" Petitioner outside of John J. Benoit Detention Center in Indio, California

when he was released and arrested Petitioner after Petitioner "admitted to being an Ecuadorian national and being illegally present in the United States." ECF No. 11-1 at 8. Petitioner alleges that the ICE agents did not present a warrant or provide an explanation for his arrest. Gavela-Gomez Decl. ¶ 3. On March 13, 2026, an immigration judge ("IJ") denied bond. ECF No. 11-1 at 20.

On October 9, 2026, Petitioner filed the instant Amended Petition, alleging that Respondents unlawfully arrested Petitioner without an administrative warrant. Pet. at 3–10.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and [] the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A district court may grant a writ of habeas corpus to a petitioner who demonstrates he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Hamdi*, 542 U.S. at 536 (quoting *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001)).

## III. DISCUSSION

Petitioner claims that his arrest was unlawful because Respondents (1) failed to issue a warrant before arresting him as required by 8 U.S.C. § 1226(a) and (2) failed to satisfy the requirements of 8 U.S.C. § 1357(a)(2) to justify a warrantless arrest. Pet. 3–7. In response, Respondents submitted an administrative warrant that was issued and served on May 30, 2025. Ret. 4; ECF No. 11-1 at 18. Respondents further argue that because Petitioner received a bond hearing in March 2026, he must exhaust his administrative remedies before the Board of Immigration Appeals ("BIA") before seeking relief before this Court. *Id.* at 3.

**A. Exhaustion**

Respondents argue that Petitioner was required to exhaust administrative remedies by appealing his bond determination to the BIA before bringing the instant Amended Petition. Ret. 2–4. Petitioner argues that the Court should waive the administrative exhaustion requirement because (1) pursuing an administrative appeal to the BIA would be futile; and (2) it would cause irreparable harm to Petitioner. Pet. 2–4. The Court agrees.

"On habeas review under [8 U.S.C.] § 2241, exhaustion is a prudential rather than jurisdictional requirement." *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (citations and quotation marks omitted). "Nonetheless, even if the three *Puga* factors weigh in favor of prudential exhaustion, a court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004). Moreover, the Ninth Circuit "has also found waiver in cases where petitioners were challenging issues other than the BIA's ruling on removability." *Laing*, 370 F.3d at 1001 (citing *Marquez v. INS*, 346 F.3d 892 (9th Cir. 2003)). A petitioner seeking to waive the prudential exhaustion requirement must show that at least one of the *Laing* factors applies. *See Ortega-Rangel v. Sessions*, 313 F. Supp. 3d 993, 1003 (N.D. Cal. 2018).

The Court finds that Petitioner has met his burden to show that pursuit of administrative remedies would not provide him with an adequate or effective means of obtaining the relief he seeks, which is release due to his allegedly unlawful arrest. In a bond hearing under 8 U.S.C. § 1226(a), an IJ's scope is limited to determining a noncitizen's

danger to the community or risk of flight. *See Avilez v. Garland*, 69 F.4th 525, 530 (9th Cir. 2023) ("Under Subsection A—the default detention provision—a noncitizen is entitled to a bond hearing at which the IJ considers whether the noncitizen is a flight risk or a danger to the community." (citations omitted)); *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."); 8 C.F.R. §§ 236.1(d)(1), 1003.19, 1236.1(d)(1). Here, Petitioner challenges the statutory authority for his arrest and detention based on the Immigration and Nationality Act's ("INA") warrant requirement. *See generally* Pet. "A post-hoc bond hearing where the [IJ] would only consider [a petitioner's] potential flight risk or danger to the community would not cure the harm alleged here—i.e., arrest and detention without a warrant." *Barrientos v. Moss*, No. 1:26-CV-05943-NW, 2026 WL 2283034, at *2 (E.D. Cal. Aug. 7, 2026). In other words, even if Petitioner were required to appeal the IJ's bond determination to the BIA and the BIA were to reverse the IJ's order, the outcome would not be adequately remedy Petitioner's claim for warrantless arrest. Accordingly, the Court waives prudential exhaustion and turns to the merits of the Amended Petition.

**B. Warrantless Arrest Under Section 1226(a)**

Petitioner alleges that Respondents lacked statutory authority to arrest him because the statute required either a warrant at the time of Petitioner's arrest under § 1226(a) or probable cause of unlawful presence and escape under § 1357(a)(2). Pet. at 3–7. Respondents do not directly respond to Petitioner's arguments but submitted an administrative warrant that was issued and served on May 30, 2025. *See generally* Ret. 4; ECF No. 11-1 at 18.

As a threshold matter, it is undisputed that Petitioner's detention is governed by 8 U.S.C. § 1226(a) because he is a noncitizen "present without admission who [was] apprehended in the interior of the United States[.]" *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026); *see also* ECF No. 11 at 1. Section 1226(a) permits the arrest and detention of a noncitizen pending removal proceedings "[o]n a warrant issued

by the Attorney General." 8 U.S.C. § 1226(a); *see also J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025) ("Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a).") (quoting *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025)). Nevertheless, immigration authorities may execute warrantless arrests when specific conditions are met:

> Any officer or employee of the Service authorized under regulations prescribed by the Attorney General shall have power *without warrant* . . . to arrest any [noncitizen] in the United States, *if* he has *reason to believe* that the [noncitizen] so arrested is in the United States in violation of any such law or regulation *and is likely to escape before a warrant can be obtained* for his arrest, but the [noncitizen] arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine [noncitizens] as to their right to enter or remain in the United States.

8 U.S.C. § 1357(a)(2) (emphasis added). "The phrase 'has reason to believe' has been equated with the constitutional requirement to probable cause.'" *Tejeda-Mata v. Immigr. Naturalization Serv.*, 626 F.2d 721, 725 (9th Cir. 1980). The corresponding implementing regulation further demands that "[a] warrant of arrest shall be obtained except when the designated immigration officer has *reason to believe that the person is likely to escape before a warrant can be obtained*." 8 C.F.R. § 287.8(c)(2)(ii) (emphasis added). The regulation also provides that "[w]ith respect to [a noncitizen] arrested and administratively charged with being in the United States in violation of law, the arresting officer *shall* adhere to the procedures set forth in 8 CFR 287.3 *if the arrest is made without a warrant*." 8 C.F.R. § 287.8(c)(2)(iv) (emphasis added).

Following a warrantless arrest, 8 C.F.R. § 287.3(a) provides that "[a noncitizen] arrested without a warrant of arrest under the authority contained in section 287(a)(2) of the Act will be examined by an officer other than the arresting officer." 8 C.F.R. § 287.3(a). Upon arresting a noncitizen without a warrant:

> a determination will be made *within 48 hours of the arrest*, except in the event of an emergency or other extraordinary circumstance in which case a

> determination will be made within an additional reasonable period of time, whether the alien will be continued in custody or released on bond or recognizance and whether a notice to appear and warrant of arrest as prescribed in 8 CFR parts 236 and 239 will be issued.

8 C.F.R. § 287.3(d) (emphasis added). Thus, when an immigration officer conducts a warrantless arrest "under the authority contained in section 287(a)(2) of the Act," he or she then has forty-eight hours—with some exceptions—to determine whether the noncitizen is going to be released or detained. *Id.*

Several district courts in the Ninth Circuit have found that a warrant issued within the forty-eight-hour window does not cure an *unlawful* warrantless arrest—i.e., a warrantless arrest made without adhering to 8 U.S.C. § 1357(a)(2). *See Diaz Escalante v. LaRose*, No. 3:26-CV-04259 LEK-AHG, 2026 WL 2364792, at *4 (S.D. Cal. Aug. 14, 2026) (finding that—despite an administrative warrant issued the same day as the petitioner's arrest—there was "ample evidence to support the inference that [the petitioner] was not likely to escape before a warrant could be obtained"); *Castro Chivalan v. LaRose*, No. 26-CV-04258-LEK-SBC, 2026 WL 2546609, at *5 (S.D. Cal. Aug. 27, 2026) (same); *see also M-J-M-A v. Hermosillo*, 822 F. Supp. 3d 1147, 1179 (D. Or. 2026) (concluding that "an arrest must be based on information known to the officers *at the time of the arrest* and particular to the person to be arrested." (emphasis added)); *Martinez Alaniz v. Slaughter*, No. CV-26-280-GF-BMM, 2026 WL 3091261, at *3 (D. Mont. Oct. 7, 2026) ("'[A] custody determination must ordinarily be made within 48 hours, accompanied by a notice to appear, and in the case of continued custody a warrant will be issued *post hoc*,' when arrests properly are made without a warrant based on an authorized officers' perception of likely escape." (quoting *Makuiza v. Wesling*, 826 F. Supp. 176, 180 (D. Me. 2026))).

This Court agrees with the reasoning in *Diaz Escalante*, *M-J-M-A*, and *Castro Chivalan*.[1] Section 1357(a)(2) requires that the arresting immigration officer have reason to believe that the noncitizen is both (1) unlawfully present in the United States, *and* (2) likely to escape *before* a warrant can be obtained. *See* 8 U.S.C. § 1357(a)(2) (emphasis added); *Mountain High Knitting, Inc. v. Reno*, 51 F.3d 216, 218 (9th Cir. 1995) ("Section 1357(a)(2) requires that the arresting officers reasonably believe that the [noncitizen] is in the country illegally *and* that [the noncitizen] 'is likely to escape before a warrant can be obtained for [his or her] arrest.'" (emphasis in original)); *M-J-M-A*, 822 F. Supp. 3d at 1172 ("Together, these standards mean that an immigration officer can know for *certain* that someone is present in violation of immigration laws, and *still* does not have authority to arrest them without a warrant or an individualized probable cause determination that the individual is 'likely to escape before a warrant can be obtained.'" (emphasis in original) (quoting 8 C.F.R. § 287.3(c)(2)(ii))).

Respondents have not provided any evidence or any argument that the BPA who arrested Petitioner had any "reason to believe" Petitioner was "likely to escape" before an administrative warrant could be obtained. *See* 8 U.S.C. § 1357(a)(2). In fact, the record before the Court suggests otherwise: BPA stated that he "encountered" Petitioner outside of the criminal detention center and arrested him after finding out that Petitioner was "an Ecuadorian national [who is] illegally present in the United States." ECF No. 11-1 at 8.

---

[1] The Court recognizes it has previously noted generally that "8 U.S.C. § 1357(a)(2) authorizes warrantless arrests and 8 C.F.R. § 287.3(d) provides the government forty-eight hours to issue a warrant if it determines that the noncitizen will remain in custody." *Villanueva Gonzalez v. Larose*, 26cv3180-LL-VET, 2026 WL 2076145, at *1 (S.D. Cal. July 17, 2026); *see also Garcia-Juarez v. Blanche*, No. 26cv3007-LL-DEB, ECF No. 18 at 3 (S.D. Cal. June 30, 2026) (same). However, in light of the Ninth Circuit's subsequent holding in *Rodriguez Vazquez*, which made clear that noncitizens arrested in the interior of the United States are subject to the procedures set forth in 8 U.S.C. § 1226(a), the Court does not find that a post hoc warrant issued within forty-eight hours can cure a warrantless arrest that does not comply with 8 U.S.C. § 1357(a)(2) as Respondents argue (Ret. at 4).

However, nowhere in BPA's summary of Petitioner's May 29, 2026 arrest does it state that the BPA believed Petitioner was likely to escape before a warrant could be issued. *See* ECF No. 11-1 at 8. Thus, the only basis for arresting Petitioner was BPA's belief that Petitioner was unlawfully present in the United States. However, the "belief that Petitioner was present in the United States unlawfully does not in and of itself result in an assumption that Petitioner was likely to escape before Respondents could obtain a warrant." *Diaz Escalante*, 2026 WL 2364792, at *4 (citing *A.B.D. v. Wamsley*, No. 25-CV-02014-AA, 2026 WL 178306, at *12 (D. Or. Jan. 22, 2026)). Therefore, Respondents' warrantless arrest of Petitioner did not satisfy the two statutory requirements under Section 1357(a)(2) and was unlawful.

Respondents attempt to justify the validity of Petitioner's warrantless arrest by pointing to the administrative warrant that was issued and served on May 30, 2025 after Petitioner was arrested and detained on May 29, 2025.[2] Ret. 2, 4. However, the Court finds that compliance with 8 C.F.R. § 287.3(d) within forty-eight hours following a noncitizen's arrest fails to effectively "cure" a prior warrantless arrest made in violation of Section 1357(a)(2). Section 287.3(a) provides that "[a]n alien arrested without a warrant of arrest under the authority contained in section 287(a)(2) of the Act will be examined by an officer other than the arresting officer." 8 C.F.R. § 287.3(a). Notably, "section 287(a)(2) of the Act" refers to 8 U.S.C. § 1357(a)(2)—the provision outlining exceptions to the warrant requirement. 8 C.F.R. § 287.3(a); 8 U.S.C. § 1357(a)(2). Thus, when an immigration officer conducts a warrantless arrest "under the authority contained in [section 1357(a)(2)]," he or she has forty-eight hours—with some exceptions—to determine whether the noncitizen is going to be released or detained." 8 C.F.R. §§ 287.3(a), (d). Read together, the arresting

[2] Although Respondents contend that a warrant "was issued for Petitioner's arrest on May 30, 2025, at the time of his arrest" (Ret. 4), Respondents' exhibits shows that Petitioner was arrested on May 29, 2025 at around 4:30 PM (ECF No. 11-1 at 8) and that the warrant was served on May 30, 2025 at 7:57 AM (*id*. at 18).

agent must first make a *lawful* warrantless arrest under Section 1357(a)(2) *and then* follow the procedures outlined in 8 C.F.R. § 287.3(a)–(d). *See Diaz Escalante*, 2026 WL 2364792, at *4 ("In any event, compliance with the procedural requirements under Section 287.3 says nothing about whether the preceding arrest itself complied with Section 1357(a)(2), and the regulation itself presumes a noncitizen's arrest is made consistent with the statute." (citation omitted)). Although Respondents issued a warrant the day after Petitioner's arrest, the initial arrest was unlawful and, thus, cannot be cured by a warrant after the fact. *See M-J-M-A*, 822 F. Supp. 3d at 1158 ("An arrest cannot be justified after the fact."); *Martinez Alaniz*, 2026 WL 3091261, at *3 ("This practice of after-the-fact arrest warrants can be called many things—illegal, improper, and unconstitutional, among them. But whatever label one wishes to apply, the practice is fundamentally at odds with and offensive to lawful, constitutional behavior in this country." (internal quotation marks and citation omitted)).

Therefore, the Court finds that Petitioner's warrantless arrest violates 8 U.S.C. § 1357(a)(2) and thus does not justify his continued detention. Because providing Petitioner another bond hearing would not cure or remedy the violation of an unlawful warrantless arrest and detention Petitioner has already suffered as a result, the Court is persuaded that immediate release is the appropriate remedy. *See, e.g.*, *Diaz Escalante*, 2026 WL 2364792, at *4 (ordering immediate release); *Qu v. Janecha*, No. 5:26-CV-05419-CTS, 2026 WL 3034853, at *5 (C.D. Cal. Oct. 9, 2026) (same); *Mejia v. Warden*, No. ED CV 26-5705-E, 2026 WL 3019449, at *2 (C.D. Cal. Oct. 7, 2026) (same); *Pang v. Warden*, No. 26-CV-05047-LEK-JLB, 2026 WL 2925852, at *5 (S.D. Cal. Sep. 29, 2026) (same); *Gomez v. Wofford*, No. 1:26-CV-05299 (VC), 2026 WL 2065708, at *2–3 (E.D. Cal. July 16, 2026) (same).

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Petitioner's Amended Petition for a Writ of Habeas Corpus and **ORDERS** that Respondents immediately release Petitioner from custody. The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

**IT IS SO ORDERED**.

Dated: November 13, 2026

Honorable Linda Lopez
United States District Judge